UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

   v.                                      Case No. 07-cv-401-PB
                                       Opinion No. 2011 DNH 144

<u>William E. Boutwell</u>


**<u>O R D E R</u>**

The United States filed this action against William Boutwell to recover taxes, interest, and penalties he owed pursuant to Section 6672 of the Internal Revenue Code. The case was stayed after Boutwell sought Chapter 13 bankruptcy protection and the United States responded in bankruptcy court with a proof of claim seeking to recover the taxes, interest, and penalties that it was owed as of the date that Boutwell filed his bankruptcy petition. After negotiations between the parties, the United States filed an amended proof of claim seeking $57,996.82. Boutwell withdrew his objection to the claim as amended, a plan of confirmation was approved stating that the United States would receive $57,997 "payable at 0% interest per plan," and the court approved the amended proof of claim in the same amount. The United States then obtained

relief from the stay in bankruptcy court and resumed its litigation in this court.  The parties filed cross motions for summary judgment and the only issue that remains in dispute is whether the United States is entitled to recover post-petition interest.

Boutwell contends that he cannot be held liable for post-petition interest because the bankruptcy court specified in approving the plan of confirmation that interest would not be assessed on the amount he owed the government under the plan.  I reject this argument because it is inconsistent with First Circuit precedent.  In In re Cousins, the First Circuit held that post-petition interest on a non-dischargeable tax obligation could be recovered from a taxpayer who had completed all payments owed under a confirmed plan and received a discharge in a Chapter 12 proceeding.  209 F.3d 38, 41-42 (1st Cir. 2000).  In reaching this conclusion, the court held that post-petition interest owed on a non-dischargeable debt is not dischargeable in a Chapter 12 bankruptcy proceeding.  Id.  Thus, the court reasoned, it may be recovered in a subsequent action against the debtor even though the debtor has received a discharge in bankruptcy.  Id.  Boutwell presents no persuasive

2

argument to distinguish In re Cousins.  Accordingly, I grant the government's motion for summary judgment (Doc. No. 27) and deny Boutwell's corresponding motion (Doc. No. 23).

    SO ORDERED.

                                      /s/Paul Barbadoro
                                      Paul Barbadoro
                                      United States District Judge

September 22, 2011

cc:   James E. Brown, Esq.
      Barry C. Richmond, Esq.
      Victor W. Dahar, Esq.